WYNGERT, plaintiff in error, *vs.* NORTON, defendant in error.

To make a question, in itself apparently irrelevant, proper to be put as a link in a chain of evidence, the proposed question must be accompanied by a proposition to follow it up at the proper time by proof of other facts, which, if true, would make the question put, legitimately operative. Thus, where it was proved upon the trial that plaintiff said he "had worked for defendant one year, at eleven shillings per day, and should work for him until spring of 1854, when he should try and do something for himself;" and that the plaintiff left defendant in October, 1853; the witness was then asked, "when was the last settlement between the parties?" for the purpose of showing, or as tending to show, a hiring by the year, commencing May 1st, 1853, and ending May 1st, 1854—as the question was not apparently susceptible of any answer that would tend to prove a hiring by the year; *held*, that it was properly overruled.

There is no rule of law, that under an ordinary contract of hiring by the day, would require a party to prolong his period of service, in order to complete any particular piece of work upon which he may happen to be employed.

Error to Wayne Circuit Court.

This was a case, tried originally before a Justice of the Peace of the City of Detroit, who rendered judgment in favor of the present plaintiff in error. It was brought on a balance claimed to be due to defendant in error, for work and labor. After judgment, the cause was appealed to the Wayne Circuit Court, and their judgment was rendered for defendant in error for $27.93, and costs. On the trial in the Circuit Court, there was no direct evidence on the part of the plaintiff in error, in his defence to the action, showing a hiring of the defendant in error by the year, but a witness for the plaintiff in error proved that the defendant in error commenced work for the plainti.f in error May 9, 1853, and continued until October 10, 1854; that the balance then due the defendant in error was $27.93; that defendent in error told the witness that he had worked for plaintiff in error one

year at eleven shillings per day, and should work for him until the Spring of 1854, when he was going to try and do something for himself; and that he left the plaintiff in error October 10, 1853. Three exceptions to the ruling of the Court below were taken, and argued at bar, which, together with the material facts of the case, appear in the opinion of the Court. As to the first error assigned :

*D.-C. Holbrook,* for plaintiff in error, insisted that, as defendant admitted he had worked for plaintiff one year, at eleven shillings per day, and should continue to work for him until the Spring of 1854, which would be the end of a second year, the presumption was that there was an agreement for another hiring for one year, from May, 1853, to May, 1854 ; and the question as to when the last settlement was made between the parties was material, for the purpose of showing that it was at the expiration of the first year in May, 1853, and if none had been made at the expiration of the first year, the presumption becomes positive proof, in connection with the admission that he was to work until the second year expired, that another hiring for one year had been agreed upon by the parties.

As to the second exception, the Court cited 2 Greenl. Ev., § 136, a.; 1 Pars. on Cont., 524 ; upon the third exception, Chitty on Cont., 8 Am. Ed., 501, a.; Bayley *vs.* Rimmell (1 *M. & W.,* 506).

*W. Jenn's m,* for defendant in error.

The following authorities show the irrelevancy of the testimony rejected by the Court : Weidler *vs.* Farmers' Bk., Lancaster (11 *Sergt. & Rawle R.,* 134, 13, 9, 1, 40); Crowley *vs.* Paige (7 *Carr. & P.,* 789); U. S. Bank *vs.* Corcoran (2 *Pet.,* 121, 130, 133); 19 Wend., 203; 6 Humph., 375; Harris *vs.* Wilson (7 *Wend.,* 57); Raikes *vs.* Richards (2 *Carr. & P.,* 562); Com. *vs.* Buzzell (16 *Pick.,* 157).

By the Court, COPELAND, J.

This cause comes to this Court upon writ of error and bill of exceptions, three causes of error being assigned, upon the rulings of the Court below:

*First.* "That the Court erred in refusing to permit the witness, Wright, to answer the question put to him by said plaintiff in error, to wit: 'When was the *last settlement* between the parties?'"

*Second.* "That the Court erred in refusing to permit the witness, Wright, to answer the question put to him by said plaintiff in error, to wit: 'Did the plaintiff (defendant in error) commence and partly finish a gun for defendant (plaintiff in error), and thereupon leave the employ of the defendant upon his own accord, before said gun was finished by plaintiff, whereby the labor bestowed thereon was lost to the defendant?'"

*Third.* "That the Court also erred in refusing to permit the witness, Wright, to answer the question put to him by said plaintiff in error, whether the defendant (plaintiff in error) was obliged to refund money received for work which was not finished by reason of the plaintiff's leaving?"

The case shows that the action was brought to recover the value of personal services rendered by the defendant in error for the plaintiff in error, during the Summer of 1853. It appears from the bill of exceptions, that the witness, Wright, after stating that he was the clerk of the defendant, Wyngert, said, "that the plaintiff, Gulliver, was paid from the time he commenced work in May, to the 11th day of said month, eleven shillings per day, and after that, at twelve shillings per day; to the 10th day of October, 1853; that the balance then due the plaintiff was $27.93. That plaintiff told witness he had worked for defendant one year, at eleven shillings per day, and should work for defendant till Spring of 1854, when he was going to try and do something for himself; that the

plaintiff left the defendant October 10th, 1853." The defendant's counsel then put to the witness the question contained in the first assignment of error, "for the purpose of showing," or, as stated by the counsel to the Court upon inquiry, "as tending to show a hiring by the year, commencing May 1st, 1853, and ending May 1st, 1854."

Whether the Court erred in sustaining the objection to the question, depends upon whether the question was apparently susceptible of any answer that would tend to prove a hiring by the year, the purpose for which it was offered? We are quite unable to see that it was, as an isolated question, susceptible of any such answer. Admitting the answer to the question would have been, what the counsel seems to have anticipated, that the settlement was made at the expiration of the first year, no presumption certainly could legitimately have been drawn by the jury from the isolated fact, that the subsequent hiring was by the year, rather than by the day. And to make a question in itself apparently irrelevant, proper to be put as a link in a chain of evidence, the proposed question must be accompanied by a proposition to follow it up, at the proper time, by proof of other facts, which, if true, would make the question put legitimately operative.

But the Court is not bound to spend its time in an inquiry which apparently, or from the showing of the party, can produce no proper results.

2. The question, contained in the second assignment of error, was only admissible on the ground that there had already been adduced testimony to prove, and from which the jury might legitimately have found, that there was a contract between the parties of hiring by the year, or other specified time, and that there had been a breach of said contract on the part of the plaintiff.

We know of no rule of law, that, under an ordinary contract of hiring by the day, would require a party to prolong

37

his services, in order to complete any particular piece of work upon which he might happen to be employed, or that would subject such party to damages for refusing or neglecting to do so; that, in the case at bar, made it incumbent upon the defendent in error to remain in the employ of the plaintiff in error a greater length of time than he would otherwise have been under obligation to do, for the purpose of finishing a gun he may have previously commenced.

But it is claimed, there was testimony tending to show that there was a hiring by the year. That of the witness, Wright, relative to the statement made to the witness by the defendant in error : " That he had worked for the plaintiff one year, at eleven shillings per day, and that he should work for him till the Spring of 1854." The presumption claimed to have been raised by this, and other testimony, that there was a hiring by the year, we think entirely inadmissible, and that, therefore, there was no error in the ruling of the Court below upon this point.

3. Again, in regard to the third and last assigned cause of error, the question could have been material, if at all, only on the ground of presumption that there was a contract of hiring between the parties for a specified time.

Judgment below affirmed.

Present, COPELAND, BACON, WING, PRATT, JOHNSON, GREEN, and MARTIN, J. J.

DOUGLASS, J., did not participate, having decided the cause in the Court below.