## Michael Dunn v. Francis Gilman, Jr.

*Search warrant: Officer: Protection: Official acts.*  An officer in executing a search warrant fair on its face, and issued by a court having jurisdiction over the subject matter, is not liable for his official acts in following in good faith the command of his writ and the official directions of the court, though it should be made clearly to appear that the property seized had not in fact been stolen, and that the party suing out the writ was not entitled to its possession.

*Officer: Process: Penalty for not serving: Liability for serving.*  An officer who is made liable by statute to a penalty if he refuses to execute a writ, cannot be held liable for serving the writ in good faith where the process is valid on its face and issued by the proper authority.

*Search warrant: Custody of law: Officer.*  The property, during the time it is in the officer's possession under and by virtue of a valid search warrant, is to be considered as in the custody of the law, although the proceeding based on such writ touching the question of ownership be not conclusive; and an owner claiming that his rights have been interfered with by such proceedings must seek his remedy against some other person than such officer.

*Submitted on briefs April 20.    Decided June 13.*

Error to Wayne Circuit.

*Prentis & Fox*, for plaintiff in error, as to the protection afforded the officer by a writ fair on its face, cited: *C. L. 1871*, §§ *7680, 8000, 8003; Dwinnels v. Boynton, 3 Allen, 310; Savacool v. Boughton, 5 Wend., 171; Beatty v. Perkins, 6 Ib., 385; Ortman v. Greenman, 4 Mich., 293; People v. Rix, 6 Ib., 144; Shipman v. Clark, 4 Denio, 446; Hallet v. Byrt, Carthews, 380; Foster v. Pettibone, 20 Barb., 350; Cook v. Hopper, 23 Mich., 511.*

*Henry M. Cheever*, for defendant in error.

MARSTON, J:

Gilman brought an action of trespass on the case against Dunn for taking and converting a certain bay mare. Defendant pleaded the general issue, with a notice of justification.

Upon the trial it appeared that Gilman claimed title to the property through one Jacobs. Jacobs admitted having made some sort of a conditional agreement to sell to Gilman's vendor, but that the agreement had not been consummated. It also appeared that afterwards, and on the 18th of January, 1875, Jacobs appeared before a justice of the peace and made complaint that the property in question had been stolen from him, and that he had reason to believe it was then concealed about the premises of one Bondie and Gilman, and he prayed that a search warrant might issue. A search warrant was issued by the justice and delivered to Dunn, who was then a constable. On the same day he made return thereon that he had searched and found the property upon the premises as described in the writ, and had the same then before the court as he was therein commanded. It also appeared that the justice thereupon proceeded to examine witnesses, and as appeared from the entry in his docket, he was of opinion from the evidence in the case that the property belonged to Jacobs; that it had been stolen by some person unknown, and concealed upon the premises described in the warrant;

34 MICH.—33.

and he thereupon ordered and directed the officer to restore the property to the complainant Jacobs. Gilman was present during the proceedings before the justice upon the return being made, but took no part therein. These facts appearing upon the trial, and not being disputed, as to the judicial proceedings, Dunn claimed that he was not liable.

It is not necessary to set forth the complaint and warrant, as no question was made as to their sufficiency, either in form or substance, nor was the regularity or validity of the proceedings thereunder before the justice questioned, so that we have no occasion to consider them.

Defendant Dunn, in searching for the property, seizing and taking it before the justice, was acting ministerially under a writ valid upon its face and issued by a court having jurisdiction over the subject matter. It was his duty upon the receipt of this writ to proceed at once, and without questioning its validity, to search for, take and hold this identical property. Had he refused so to do he would by so doing have rendered himself liable to a penalty.—*2 Comp. Laws,* § *7680.* Having seized the property in obedience to the command of his writ, it became his duty to safely keep the same, under the direction of the court, to be used as evidence on any trial, and the statute further directs that as soon as may be afterwards such property shall be restored to the owner thereof.—§ *8003.* The justice evidently endeavored to follow the provisions of the statute, and neither his jurisdiction nor the regularity or validity of his proceedings have been questioned. Dunn seems to have acted throughout officially, and to have followed in all respects in good faith the instructions given him in his writ and the official order of the justice made during the progress of the case. He cannot, therefore, be held liable in this action under such circumstances, although it should in this case be made clearly to appear that the property had not been stolen, that the complainant was not entitled to its possession, but that the owner of the premises where it was found was in truth and fact the owner of the property.

The officer cannot be held liable if he refuses to execute the writ, and at the same time be held liable in case he does.    This would be placing the officer in a very embarrasing position, to thus hold him liable in either event, and there would be neither justice nor common sense in so doing. The property, during the entire time it was in the officer's possession, was in the custody of the law, and although the proceedings before the justice may not have been conclusive, touching the question of ownership, yet if the owner claims that his rights have been interfered with, he must seek his remedy against some other person.

The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.