PEOPLE v ROWE

Docket No. 78-1022. Submitted December 4, 1979, at Grand Rapids.— Decided February 5, 1980.

Todd Rowe was convicted of resisting arrest, Ottawa Circuit Court, Calvin L. Bosman, J. Two City of Holland police officers armed with a warrant issued by the 58th District Court for defendant's arrest on a charge of receiving and concealing stolen property went to defendant's residence in Holland Township, outside of the City of Holland, to execute the warrant. Defendant's resistance to that arrest led to his conviction of resisting arrest. Defendant appeals. On appeal defendant contends that the officers had no authority to arrest him outside of the city and that he was entitled to a jury instruction to that effect. Defendant further contends that he is entitled to be discharged because the officers, acting without authority, had only the arrest power of a private citizen and no statutory grounds for a citizen's arrest. Held:

Statutes provide that a law enforcement officer may execute an arrest warrant anywhere in the county issuing the warrant. The Holland police officers, to whom the arrest warrant was directed, had statutory authority to execute a warrant for defendant's arrest in Holland Township outside of the City of Holland. Defendant's allegations of error in jury instructions are without merit.

Affirmed.

1. Arrest — Arrest Warrants — Jurisdiction — Magistrates — Statutes.

Arrest warrants may be executed in any part of the state; in issuing an arrest warrant for a felony a magistrate acts as a judicial officer for the one court of justice (Const 1963, art 6, § 1, MCL 767.31; MSA 28.971).

References for Points in Headnotes
[1] 5 Am Jur 2d, Arrest §§ 7, 18 et seq.
[2] 5 Am Jur 2d, Arrest § 10.
[3] 5 Am Jur 2d, Arrest § 18 et seq.
[4] 5 Am Jur 2d, Arrest § 4 et seq.
[5, 6] 5 Am Jur 2d, Arrest § 7.

2. ARREST — ARREST WARRANTS — JURISDICTION — MAGISTRATES — STATUTES.

A magistrate's authority to issue warrants is equivalent to the authority of a circuit judge and extends county-wide; therefore, a magistrate is authorized to direct a warrant to all law enforcement officers in the county including the sheriff, chief of police, constable or any peace officer (MCL 600.8317, 764.1, 766.3, 767.31; MSA 27A.8317, 28.860, 28.921, 28.971).

3. ARREST — ARREST WARRANTS — JURISDICTION — STATUTES.

An officer to whom a warrant has been directed is enabled to execute it anywhere in the state with the same authority as in his own county because there are no territorial limits in the state on arrest warrants (MCL 764.2, 767.31; MSA 28.861, 28.971).

4. ARREST — ARREST WARRANTS — REQUIREMENTS.

A warrant provides the authority needed to execute it; to justify an arrest on a warrant, the warrant has to be good on its face and there must be an authority in the person who undertakes to act under it.

5. ARREST — ARREST WARRANTS — EXECUTION OF WARRANTS — PENAL SANCTIONS — STATUTES.

An arrest warrant is a command to an officer to execute the warrant promptly under pain of fine or criminal prosecution (MCL 600.587, 750.123, 750.191; MSA 27A.587, 28.318, 28.388).

6. ARREST — ARREST WARRANTS — MAGISTRATES — PROBABLE CAUSE TO ARREST.

An officer is not required to make a determination of probable cause in executing an arrest warrant because that determination has already been made for him by a magistrate.

*Scheuerle, Legatz & Zitta,* for defendant on appeal.

Before: BRONSON, P.J., and ALLEN and R. M. MAHER, JJ.

R. M. MAHER, J. The defendant appeals as of right from a jury conviction for the crime of resisting arrest, contrary to MCL 750.479; MSA 28.747. The defendant was sentenced to a term of 90 days in the Ottawa County Jail, ordered to pay

$300 in court costs, and given 18 months probation.

On April 12, 1977, the 58th District Court, a district of the first class consisting of the County of Ottawa (MCL 600.8128; MSA 27A.8128) issued a warrant for defendant's arrest on a charge of receiving and concealing stolen property, contrary to MCL 750.535; MSA 28.803.

Two Holland police officers went to defendant's residence in Holland Township, outside of the City of Holland, to execute the warrant. Defendant's resistance to that arrest led to this conviction.

Defendant contends on appeal that the officers had no authority to arrest him outside of the city and that he was entitled to a jury instruction to that effect. In addition, defendant contends that he is entitled to be discharged because the officers, acting without authority, had only the arrest power of a private citizen and no statutory grounds for a citizen's arrest existed. MCL 764.16; MSA 28.875.

In arguing that the officers had no authority to arrest him outside of the territorial limits of the city, defendant relies on the common-law rule. See 5 Am Jur 2d, Arrest, § 18, p 709; 6A CJS, Arrest, § 53b, p 125; 1 Wharton's Criminal Evidence, § 59, p 92. However, the common-law rule has been abrogated by statute in Michigan.

Arrest warrants may be executed in any part of the state. MCL 767.31; MSA 28.971.[1] In issuing an arrest warrant for a felony the magistrate acts as a judicial officer for the one court of justice (Const 1963, art 6, § 1).

"The office of justice of the peace is a part of the

---

[1] Made applicable to all criminal proceedings by MCL 767.2; MSA 28.942.

judicial system of this State, and in the exercise of the important functions of this office the persons filling it cannot be said to be performing duties local in character, but must rather be said to be performing duties in behalf of the entire State." *People v DeMeaux,* 194 Mich 18, 23; 160 NW 634 (1916).

The magistrate's authority to issue warrants is equivalent to the authority of a circuit judge and extends county-wide. MCL 600.8317; MSA 27A.8317, MCL 764.1; MSA 28.860. Accordingly, the magistrate is authorized to direct the warrant to all law enforcement officers in the county.

MCL 766.3; MSA 28.921 provides:

"If it appears from such examination that any criminal offense not cognizable by a justice of the peace has been committed, *the magistrate shall issue a warrant directed to the sheriff, chief of police, constable or any peace officer of the county,* reciting the substance of the accusation and commanding him forthwith to take the person accused of having committed the offense and bring him before the appropriate court to be dealt with according to law, and in the same warrant may require the officer to summon such witnesses as are named therein." (Emphasis added.)

Similarly, MCL 767.31; MSA 28.971 directs that "every [arrest] warrant shall be directed to the sheriff, constable, police officer or peace officer of the county in which the indictment shall be found * * *".[2]

In the present case the warrant was directed in accordance with those statutes to "any sheriff, deputy sheriff, court officer, state police officer, or police officer". As a consequence the Holland police officers, to whom the arrest warrant was directed, had statutory authority to execute the

[2] See footnote 1.

warrant anywhere in the county. In addition, those officers, and any other peace officer to whom the warrant was directed, would have been authorized to execute the warrant outside of Ottawa County. In accordance with the legislative scheme that there are no territorial limits in the state on arrest warrants (MCL 767.31; MSA 28.971), MCL 764.2; MSA 28.861 contemplates that an officer to whom a warrant is directed will be able to execute it anywhere in the state with the same authority as in his own county:

"If any person against whom a warrant shall be issued for an alleged offense committed within any county, shall, either before or after the issuing of such warrant, escape from or be out of the county, *the sheriff or other officer to whom such warrant may be directed, may pursue and apprehend the party charged, in any county of this state,* and for that purpose may command aid and may exercise the same authority as in his county." (Emphasis added.)

Specific provision has been made for state-wide execution of arrest warrants by police officers of the City of Detroit (MCL 726.21; MSA 27.3571), by police officers of fourth class cities (MCL 87.16; MSA 5.1673), and by sheriffs and deputies (MCL 600.582; MSA 27A.582).

In addition, pursuant to the statutory scheme, both the arresting officer and the prisoner are guaranteed safe passage across the state and both are privileged from arrest on civil process while they return to the jurisdiction of the court issuing the warrant. MCL 801.119, 801.120; MSA 28.1768, 28.1769.

Pursuant to the statutes cited, when a warrant is directed to a law enforcement officer, the warrant itself provides the authority needed to exe-

cute it. In *Drennan v People,* 10 Mich 169, 182 (1862), Justice CAMPBELL wrote:

"Two things are necessary to justify an arrest on a warrant; *first,* a warrant good on its face, and, *second* an authority in the person who undertakes to act under it.

"If a warrant is upon its face void, then no officer can justify under it; although, as a general rule, no officer is bound to look behind a *regular* warrant, coming from a proper jurisdiction. It is laid down without dissent, that no person is bound to submit * * * to an arrest made by an unauthorized person under a good warrant * * *. In *Rex v Weir,* 1 B. & C., 288, Bayley, J. says, *'It is of great consequence that magistrates should be careful to direct their warrants in such a manner that the parties to be affected by them may know that the persons bearing the warrants are authorized to execute them.' "* (Partial emphasis added.)

Accord, *Wheaton v Beecher,* 49 Mich 348, 351; 13 NW 769 (1882); *Ortman v Greenman,* 4 Mich 290, 292 (1856). Even more than authority to execute it, a warrant is a command to the officer to execute the warrant promptly under pain of fine or criminal prosecution. *People v Durfee,* 62 Mich 487, 491; 29 NW 109 (1886), *Dunn v Gilman,* 34 Mich 256, 257 (1876), MCL 750.191; MSA 28.388, MCL 750.123; MSA 28.318, MCL 600.587; MSA 27A.587.

In this case, the circuit court justified the arrest outside of the city on the basis of MCL 117.34; MSA 5.2114, which provides:

"When any person has committed or is suspected of having committed any crime or misdemeanor within a city, or has escaped from any city prison, the police officers of the city shall have the same right to pursue, arrest and detain such person without the city limits as the sheriff of the county."

In our opinion, that statute is not addressed to the question involved in this case, namely, a peace officer's authority to execute an arrest warrant outside the territorial limits of his jurisdiction. Rather, it is addressed to the different but related question of a peace officer's authority to act in the traditional role of law enforcement officer outside the territorial limits of his jurisdiction. We perceive a difference in the two functions.

In executing an arrest warrant directed to him, the officer functions, in a sense, as a court officer for service of process and acts in a ministerial capacity. *Dunn v Gilman,* 34 Mich 256 (1876), *Ortman v Greenman,* 4 Mich 290 (1856). See also, 70 Am Jur 2d, Sheriffs, Police, and Constables, § 21, p 146. In executing the warrant, the officer acts ministerially[3] in the sense that he is not required to make a determination of probable cause; that determination has already been made for him by the magistrate, performing a judicial function. *Birmingham v 48th District Judge,* 76 Mich App 33; 255 NW2d 760 (1977). By contrast, a peace officer acting in the traditional role of law enforcement officer acts in a discretionary capacity in numerous matters, including the decision to arrest without a warrant. Under the common law, a peace officer's authority to act in that traditional role was generally limited to the territorial limits of the officer's jurisdiction. One exception to that rule even at common law was the exception for

---

[3] Of course, the arresting officer does exercise some discretion as, for example, in deciding how much force to use in executing the warrant; but, the decision to arrest and the existence of probable cause have been determined by a judicial officer and are not questions within the officer's discretion. In contrast, when an officer, acting in the traditional role, decides to arrest without a warrant, the officer exercises discretion in determining whether probable cause exists for an arrest and whether to arrest then or defer arrest until a more appropriate time.

what is commonly known as "hot pursuit".[4] Although the officer could not exercise law enforcement functions outside of his jurisdiction, the officer was privileged to cross territorial lines when in immediate pursuit of an offender. 4 Wharton's Criminal Law and Procedure, § 1614, p 277. The common-law limitation on an officer's authority to function in the traditional capacity outside of his jurisdiction and the common-law exception to that rule for hot pursuit are still followed in Michigan. See, for example, *Delude v Raasakka,* 391 Mich 296; 215 NW2d 685 (1974), *People v Bashans,* 80 Mich App 702; 265 NW2d 170 (1978). We believe that MCL 117.34; MSA 5.2114, the statute relied on by the circuit court, is a codification of the common-law hot pursuit exception. That exception is codified in other places to allow hot pursuit not only by police officers of home rule cities (MCL 117.34; MSA 5.2114), but also by police officers of fourth class cities (MCL 92.4; MSA 5.1752), and by police officers of villages (MCL 78.22; MSA 5.1532).

In summary, we hold that a law enforcement officer to whom a warrant is addressed may execute the warrant anywhere in the county where it is issued and, if the accused is out of the county, the law enforcement officer may execute it in any part of the state. In executing the warrant, the officer acts, as it were, as an officer of the court in the state's single court of justice and the officer is not bound to the territorial limits of the govern-

---

[4] There are *statutory* exceptions to the common-law rule that a peace officer cannot exercise traditional law enforcement powers outside of the officer's territorial jurisdiction. Under MCL 764.2a; MSA 28.861(1), a peace officer may exercise authority and powers outside of the limits of the governmental entity when enforcing state laws in conjunction with the state police or peace officers of another governmental entity. In addition, any peace officer can exercise authority and powers outside a governmental entity when enforcing the Michigan Vehicle Code on a street or highway which is on a boundary between governmental units. MCL 257.726a; MSA 9.2426(1).

mental entity where he serves in the traditional role of law enforcement officer.[5]

We therefore conclude that the defendant's allegations of error in the jury instructions are without merit.

Affirmed.

---

[5] Assuming, *arguendo,* that an officer serving an arrest warrant outside his jurisdiction is limited to the arresting authority of a private person, we would still uphold the validity of the arrest. Under MCL 764.16; MSA 28.875, a private person may arrest another whom he suspects on reasonable grounds to have committed a felony if one has actually been committed. *People v Panknin,* 4 Mich App 19, 27; 143 NW2d 806 (1966). See also, *Maliniemi v Gronlund,* 92 Mich 222, 227-228; 52 NW 627 (1892). We conclude that a valid arrest warrant issued by a magistrate imports the requisite "reasonable grounds" to validate such an arrest.