PEOPLE v BOUND

Docket No. 96099. Submitted July 8, 1987, at Lansing. Decided September 21, 1987. Leave to appeal denied, 429 Mich —.

James P. Bound was charged with operating a motor vehicle while under the influence of intoxicating liquor or with a blood-alcohol level of 0.10 percent or greater, third offense. Defendant was charged with the felony on the basis of two prior drunken driving convictions under local ordinances of another state. The district court dismissed the charges, and the Oakland Circuit Court, Alice L. Gilbert, J., affirmed the dismissal. The people appealed by leave granted.

The Court of Appeals *held:*

Prior convictions under local ordinances of states other than Michigan proscribing the operation of a motor vehicle while under the influence of liquor may not be considered for purposes of enhancing the sentence of a defendant convicted under MCL 257.625; MSA 9.2325.

Affirmed.

AUTOMOBILES — INTOXICATING LIQUORS — DRIVING UNDER THE INFLUENCE OF LIQUOR — PRIOR CONVICTIONS.

Prior convictions under local ordinances of states other than Michigan proscribing the operation of a motor vehicle while under the influence of liquor may not be considered for purposes of enhancing the sentence of a defendant convicted under the Michigan statute proscribing the operation of a motor vehicle while under the influence of liquor (MCL 257.625[5] and [6]; MSA 9.2325[5] and [6]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief,

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 296 *et seq.*

What constitutes driving, operating, or being in control of motor vehicle for purposes of driving while intoxicated status. 93 ALR3d 7.

Appellate Division, and *Graham K. Crabtree,* Assistant Prosecuting Attorney, for the people.

*Robert W. Larin,* for defendant.

Before: M. J. KELLY, P.J., and BEASLEY and P. EDWARDS,* JJ.

M. J. KELLY, P.J. The prosecutor appeals by leave granted from the circuit court decision affirming the district court's dismissal of felony charges against defendant. We affirm.

On October 14, 1985, defendant James Patrick Bound was charged with operating a motor vehicle while under the influence of intoxicating liquor, or operating a vehicle with a blood-alcohol content of 0.10 percent, third offense, MCL 257.625; MSA 9.2325. Pursuant to subsection (6) of the statute defendant was charged with a felony. Because the two prior convictions relied on by the prosecutor in bringing felony charges arose out of violations of local ordinances in another state, defendant moved to dismiss.

MCL 257.625; MSA 9.2325 provides in part:

(1) A person, whether licensed or not, who is under the influence of intoxicating liquor or a controlled substance, or a combination of intoxicating liquor and a controlled substance, shall not operate a vehicle upon a highway or other place open to the general public, including an area designated for the parking of vehicles, within the state. A peace officer may, without a warrant, arrest a person when the peace officer has reasonable cause to believe that the person was, at the time of an accident, the driver of a vehicle involved in the accident and was operating the vehicle upon a public highway or other place open

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

to the general public, including an area designated for the parking of vehicles, in the state while in violation of this subsection or of subsection (2), or of a local ordinance substantially corresponding to this subsection or subsection (2).

(2) A person, whether licensed or not, whose blood contains 0.10% or more by weight of alcohol, shall not operate a vehicle upon a highway or other place open to the general public, including an area designated for the parking of vehicles, within the state.

\* \* \*

(5) A person who violates subsection (1) or (2) or a local ordinance substantially corresponding to subsection (1) or (2) within 7 years of a prior conviction may be sentenced to imprisonment for not more than 1 year, or a fine of not more than $1,000.00, or both. As part of the sentence, the court shall order the secretary of state to revoke the operator's or chauffeur's license of the person. For purposes of this section, "prior conviction" means a conviction under subsection (1) or (2), a local ordinance substantially corresponding to subsection (1) or (2), or a law of another state substantially corresponding to subsection (1) or (2).

(6) A person who violates subsection (1) or (2) or a local ordinance substantially corresponding to subsection (1) or (2) within 10 years of 2 or more prior convictions, as defined in subsection (5), is guilty of a felony. As part of the sentence, the court shall order the secretary of state to revoke the operator's or chauffeur's license of the person.

It is the interpretation of the language of subsection (5) of the statute, which defines prior convictions, that is in dispute. Defendant successfully argued in his motion to dismiss the felony charge that MCL 257.625(5); MSA 9.2325(5) excluded convictions based on local ordinances from another state since the statute did not mention local ordinances of another state in defining prior convic-

tions. The people argue that the apparent purpose of the Legislature in adopting the provision on prior convictions was to deter persons from repeated violations of the statute. The people contend that this legislative intent of preventing intoxicated persons from driving is violated when prior convictions for violations of out-of-state local ordinances are not included for purposes of enhancing the charge against the defendant.

The first step in interpreting a statute is to examine the specific language of the statute, and where that language is clear, effect should be given to its plain meaning. *Hiltz v Phil's Quality Market,* 417 Mich 335, 343; 337 NW2d 237 (1983). Furthermore, since MCL 257.625; MSA 9.2325 is a criminal statute it must be strictly construed. The statute defines a prior conviction as: (1) a conviction under the statute itself, (2) a conviction under a local ordinance that substantially corresponds to the statute or (3) a conviction under a law of another state that substantially corresponds to the statute.

The Legislature could have easily included violations of substantially similar out-of-state local ordinances in its definition of prior convictions, but chose not to. The Legislature has provided for revocation or suspension of a driver's license upon "notice of the conviction of that person in another state of an offense in that state . . . which, if committed in this state, would be grounds for suspension or revocation of the license . . . ." MCL 257.318; MSA 9.2018. If the Legislature had wanted this broad language to apply to prior convictions for purposes of MCL 257.625; MSA 9.2325 it could have done so by use of similar language. As it is we construe the plain language of the statute and it does not include violations of out-of-

state local ordinances in its definition of prior convictions. For this reason the decision of the circuit court is affirmed.

Affirmed.