PEOPLE v KESKINEN

Docket No. 103209. Submitted March 15, 1989, at Detroit. Decided
June 5, 1989. Leave to appeal applied for.

David M. Keskinen was charged with operating a motor vehicle
while under the influence of an intoxicating liquor, third of-
fense, following his arrest by Redford Township Police in the
early morning hours of October 7, 1986. At his jury trial held
in Recorder's Court of Detroit under the combined criminal
docket, the police officers testified that they observed defen-
dant's automobile being driven in an erratic manner, that they
stopped the automobile and noticed that defendant had alcohol
on his breath, slurred speech and glassy eyes and was wobbly.
They further testified that they administered two field sobriety
tests which defendant failed, whereupon a preliminary breath
test was administered which showed a 0.20 percent alcohol
level. The officers testified that defendant was arrested and
transported to the police station, where he refused to take a
Breathalyzer test. Defense counsel objected to the admission of
the testimony concerning the results of the preliminary breath
test and defendant's refusal to take the Breathalyzer test at the
police station. Wayne Circuit Judge Robert J. Colombo, Jr., J.,
permitted the admission of the preliminary test results on the
basis that defense counsel had raised the question of the
propriety of defendant's arrest in opening argument. The court
also permitted the prosecution to admit into evidence the fact
that defendant refused to take the Breathalyzer test at the
police station. Defendant was convicted as charged and ap-
pealed.

The Court of Appeals held:

1. It was error to admit into evidence the results of the
preliminary chemical breath analysis. While by statute those
results may be used to determine the validity of the arrest of
the accused, the question of the validity of an arrest is for the

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 304, 307, 377-379;
Criminal Law § 948; Evidence § 830.

Admissibility in criminal case of evidence that accused refused to
take test of intoxication. 26 ALR4th 1112.

court not the jury. Accordingly, even if the validity of the arrest was at issue, it was error to place the results of the preliminary test before the jury. The error in the admission of that evidence cannot be said to be harmless nor could the harm be cured by a curative instruction.

2. It was error to admit into evidence in the prosecution's case in chief the fact that defendant refused to take a Breathalyzer test at the police station.

Reversed and remanded.

1. INTOXICATING LIQUORS — EVIDENCE — DRIVING UNDER THE INFLUENCE OF LIQUOR — PRELIMINARY BREATH TEST.

It is error to admit into evidence at a jury trial for operating a motor vehicle while under the influence of an intoxicating liquor the results of a preliminary chemical breath analysis under the statutory provision allowing the use of such results to determine the validity of an arrest, since the question of the validity of the arrest is one for the court rather than the jury and the statute in question manifests that intent; the admission of such results into evidence cannot be considered to be harmless error nor could the harm caused by the admission of those results into evidence be removed by a cautionary instruction by the court (MCL 257.625h[3]; MSA 9.2325[8][3]).

2. INTOXICATING LIQUORS — EVIDENCE — DRIVING UNDER THE INFLUENCE OF LIQUOR — BREATHALYZER TEST.

Evidence of a defendant's refusal to take a Breathalyzer test should not be admitted into evidence in the prosecutor's case in chief, since it constitutes neither evidence of guilt or innocence nor evidence regarding an essential element of the crime; evidence of a defendant's refusal to submit to a Breathalyzer test may be admitted at trial where it is necessary to rebut evidence offered by defendant to show the lack of competence or credibility of the police officer or of any testing done by the officer (MCL 257.625a[8]; MSA 9.2325[1][8]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Thomas M. Chambers,* Assistant Prosecuting Attorney, for the people.

*Mueckenheim & Mueckenheim, P.C.* (by *Mercedes Mueckenheim*), for defendant.

Before: Wahls, P.J., and Reilly and G. S. Allen,* JJ.

Wahls, P.J. Defendant, David Marcus Keskinen, born on November 20, 1954, was convicted by a jury of operating a motor vehicle while under the influence of intoxicating liquor, third offense, MCL 257.625(6); MSA 9.2325(6), regarding an incident which occurred on October 7, 1986, in Redford Township. On July 10, 1987, he was sentenced by Wayne Circuit Judge Robert J. Colombo, Jr., to a term of imprisonment of forty to sixty months. We reverse defendant's conviction and remand this case for a new trial, finding that the trial court erred in admitting into evidence, during the prosecution's case in chief and over the objection of defense counsel, the result of a preliminary breath test administered by a police officer just prior to defendant's arrest.

The record reveals that on October 7, 1986, at approximately 2:51 A.M., Redford Police Officers Timothy Oliver and Keith Anderson were driving in a scout car on eastbound Six Mile Road near Inkster Road when they observed a westbound automobile swerving over the central yellow line. Officer Oliver made a u-turn and began following the automobile. The officers then observed the car continue to swerve between and over the traffic lines. After traveling about 1½ miles, the officers stopped the car they had been following and approached the car's driver. The driver, defendant, informed Officer Oliver that his driver's license had been suspended and was asked to get out of his car. The officers noticed that defendant had alcohol on his breath, slurred speech and glassy eyes and was "wobbly" on his feet. When asked if

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

he had been drinking, defendant responded that
he had drunk "a few beers."

Two field sobriety tests were administered to
defendant. First, he was asked to recite the alpha-
bet and, second, he was asked to stand on one foot.
Defendant failed both tests. Officer Oliver then
administered a preliminary chemical breath analy-
sis test or preliminary breath test, which revealed
a 0.20 percent alcohol content. Based on defen-
dant's erratic driving, his unsuccessful completion
of the field sobriety tests, his statement that he
had been drinking and the result of his prelimi-
nary breath test, Officer Oliver concluded that
defendant was intoxicated. Defendant was then
arrested. After his arrest, he was transported to
the police station, where he refused to submit to a
Breathalyzer test. An information was filed on
November 12, 1986, charging defendant with oper-
ating a motor vehicle while under the influence of
intoxicating liquor, third offense, MCL 257.625(6);
MSA 9.2325(6).

Defendant's three-day trial was conducted in
June, 1987. At his trial, defendant testified that
the evening before he was stopped by the police he
had drunk "two to three Miller light beers, 12-
ounce cans" and had eaten some pizza at a friend's
house. He maintained that he had recited the
alphabet correctly for Officer Oliver and stated
that he could not stand on one leg due to a knee
problem which was exacerbated by his having sat
cross-legged while at his friend's house. Finally,
defendant asserted that he had refused to take
both the Breathalyzer test at the police station
and the preliminary breath test at the scene of his
arrest.

In this appeal as of right, defendant first argues
that the trial court erred in admitting into evi-
dence, during the prosecution's case in chief and

over the objection of defense counsel, the result of the preliminary breath test administered by Officer Oliver just prior to defendant's arrest. We agree, finding that the admission of the test result violated MCL 257.625h(3); MSA 9.2325(8)(3), which provides:

> The results of a preliminary chemical breath analysis shall be admissible in a criminal prosecution for a crime enumerated in section 625a(1) or in an administrative hearing under section 625f, solely to assist the court or hearing officer in determining a challenge to the validity of an arrest. This subsection does not limit the introduction of other competent evidence offered to establish the validity of an arrest.

In this case, at the conclusion of defense counsel's cross-examination of Officer Oliver, the prosecutor informed the trial court that Officer Oliver had administered a preliminary breath test to defendant at the scene of his arrest and requested that the trial court determine the admissibility of the result of the administered test. The prosecutor contended that the evidence was admissible under § 625h(3) because defense counsel, during her cross-examination of Officer Oliver, had posed questions suggesting that defendant's arrest had been invalid. The trial court ruled that the test result was admissible, stating:

> The statute does state that the results of a preliminary chemical breath analysis shall be admissible in a criminal prosecution for a crime enumerated in section 625a(1) solely to assist the Court or hearing officer in determining a challenge to the validity of an arrest.
> And it seems that you're suggesting by the cross-examination here that you're attacking the validity of the arrest in terms of whether this particu-

lar individual was weaving. It seems like the statute would apply.

* * *

[I]t seems to me that MCLA 257.625h, paragraph three, authorizes it in this situation.

I'm going to rule it's admissible under that statute.

Subsequently, Officer Oliver testified that defendant had been given a preliminary breath test which produced the result of 0.20 percent. He had earlier explained that a person is considered intoxicated and will be arrested if his or her preliminary breath test registers 0.10 percent. Immediately after Officer Oliver's testimony, the trial court, sua sponte, gave the following cautionary instruction to the jury:

Excuse me. Ladies and gentlemen, I want to give you a cautionary instruction at this point.

That testimony as to the reading on the preliminary breathalyzer test can only be used for one purpose, and that is whether this officer had probable cause to arrest Mr. Keskinen.

It cannot be used to prove that in fact he was intoxicated. All that means is that at that time he got a reading of .20 from that machine and that machine provided a basis for arresting him, okay?

Immediately defense counsel raised questions regarding the proper factors to be considered in laying a foundation for the admission into evidence of results from preliminary breath tests, and a lengthy discussion on this issue ensued among trial counsel and the court outside the presence of the jury. When the jury returned, the court, in response to a request by defense counsel, repeated its cautionary instruction to the jury.

In examining § 625h(3), we are bound to obey its

plain and unambiguous language. *Jones v Grand Ledge Public Schools,* 349 Mich 1, 9; 84 NW2d 327 (1957); *People v Bound,* 163 Mich App 261, 264; 413 NW2d 762 (1987), lv den 429 Mich 887 (1987). If an ambiguity exists, we must determine, and give effect to, the intent of the Legislature. *People v 2850 Ewing Road,* 161 Mich App 266, 270; 409 NW2d 800 (1987), lv den 429 Mich 884 (1987). Concerning this task, this Court, in *Michigan Humane Society v Natural Resources Comm,* 158 Mich App 393, 401; 404 NW2d 757 (1987), stated:

> When determining legislative intent, statutory language should be given a reasonable construction considering the statute's purpose and the object sought to be accomplished. An act must be read in its entirety and the meaning given to one section arrived at after due consideration of other sections so as to produce, if possible, a harmonious and consistent enactment as a whole. Statutes are to be construed so as to avoid absurd consequences. *King v Midland Co Dep't of Social Services Director,* 73 Mich App 253, 258-259; 251 NW2d 270 (1977).

However, "[o]nce legislative intent is discerned, it must be given effect, even if doing so might appear to conflict with the letter of the statute." *People v Stoudemire,* 429 Mich 262, 266; 414 NW2d 693 (1987). Criminal statutes are to be strictly construed, *People v Crousore,* 159 Mich App 304, 310; 406 NW2d 280 (1987), lv den sub nom *People v Wyngaard,* 430 Mich 893 (1988), unless the general purpose of the Legislature is manifest and is subserved by giving the words used in the statute their ordinary meaning, *United States v P Koening Coal Co,* 270 US 512, 520; 46 S Ct 392; 70 L Ed 709 (1926).

We believe that the trial court in this case erred

in admitting into evidence the result of defendant's preliminary breath test. Section 625h(3) provides that the result of a preliminary breath test is admissible "to assist the court or hearing officer in determining a challenge to the validity of an arrest." In the context of the traffic laws in which this language appears, it is clear to us that the Legislature intended that § 625h(3) address itself to the challenges brought before the trial court in the form of, for instance, a pretrial motion to dismiss due to an illegal arrest. Since the validity of an arrest is a question which is reserved for judicial officers and is to be decided as a matter of law, see *City of Birmingham v 48th Dist Judge,* 76 Mich App 33, 37; 255 NW2d 760 (1977); *People v Rowe,* 95 Mich App 204, 210; 289 NW2d 915 (1980), we do not believe that the Legislature intended, under any circumstances, that evidence admissible solely for the limited purpose of assisting a court or hearing officer in determining a challenge to the validity of an arrest be divulged to a jury during a criminal trial. Since a jury has no role in determining the validity of an arrest, the apparent and stated purpose of § 625h(3), namely, to assist in the determination of the validity of an arrest, is nonexistent in a jury context. The only "assistance" such a revelation could render is that conferred upon the prosecution by way of the obvious prejudice and harm redounding to the defendant generated by such highly incriminating evidence. This, we feel confident, the Legislature did not intend.

Moreover, we find that the unmistakable suggestion of guilt emanating from the trial court's admission of the result of defendant's preliminary breath test in this case could not have been removed by the trial court's cautionary instruction and cannot be considered harmless error. MCL

769.26; MSA 28.1096; MCR 2.613(A); *People v Stubl,* 149 Mich App 42, 46-47; 385 NW2d 719 (1986), lv den 425 Mich 864 (1986). This is not a case in which the defendant conceded or failed to dispute that he had been given a preliminary breath test by the arresting officer. Rather, it is a case in which the defendant specifically asserted, during cross-examination, that he had never been given a preliminary breath test and that, in fact, he had refused to take a preliminary breath test. The admission into evidence of the actual result of a preliminary breath test, could only have validated the arresting officer's testimony that such a test was administered to defendant and could only have indicated that defendant is a liar. The erosion of defendant's credibility resulting from the wrongfully introduced evidence in this case precludes a finding of harmless error on appeal.

Second, defendant argues on appeal that "the trial court committed reversible error by admitting, during the prosecutor's case in chief and over the objection of defendant, evidence showing that defendant refused to take a [B]reathalyzer test at the police station after his arrest."

In *People v Duke,* 136 Mich App 798, 803; 357 NW2d 778 (1984), this Court, based on its consideration of MCL 257.625a(8); MSA 9.2325(1)(8),[1] decisions from this and foreign jurisdictions, and a

---

[1] This statute provides:

If a jury instruction regarding a defendant's refusal to submit to a chemical test under this section is requested by the prosecution or the defendant, the jury instruction shall be given as follows:

"Evidence was admitted in this case which, if believed by the jury, could prove that the defendant had exercised his or her right to refuse a chemical test. You are instructed that such a refusal is within the statutory rights of the defendant and is not evidence of his guilt. You are not to consider such a refusal in determining the guilt or innocence of the defendant."

legal annotation,[2] held that, generally, evidence of a defendant's refusal to take a Breathalyzer test should not be admitted in the prosecutor's case in chief because it constitutes neither evidence of guilt or innocence nor evidence regarding an essential element of the crime. However, the *Duke* Court held that evidence of a defendant's refusal to take a Breathalyzer test may be admitted at trial in situations where "the defendant opens the controversy by a showing of lack of credibility or competence of the police officer and it is necessary to rebut defendant's evidence," adding:

> The most obvious examples of circumstances where such evidence could be admitted are:
> a. Where the defendant denies being given an opportunity to take a Breathalyzer test,
> b. Where the defendant claims that he took the test and the results were exculpatory,
> c. Where the defendant challenges the competency of any of the testing done by the officer, or
> d. Where the defendant challenges the credibility of the officer. [136 Mich App 803.]

See also *People v Stratton,* 148 Mich App 70, 80-81; 384 NW2d 83 (1985).

In this case, it appears, upon first examination, that defense counsel's challenges to the credibility of Officer Oliver were sufficient to justify the introduction of evidence of defendant's refusal to submit to a Breathalyzer test. While cross-examining Officer Oliver concerning defendant's preliminary breath test, defense counsel's questions suggested that Officer Oliver either lied in testifying that he had administered a preliminary breath test to defendant or had incompetently recorded the re-

---

[2] See Anno: *Admissibility in criminal case of evidence that accused refused to take test of intoxication,* 26 ALR4th 1112.

sults of that test.[3] Upon further examination, however, it becomes clear that the attack on Officer Oliver's credibility by defense counsel was prompted by the officer's earlier testimony during redirect examination by the prosecutor that defendant's preliminary breath test had disclosed a 0.20 percent alcohol content. We have already held that evidence of the result of defendant's preliminary breath test was improperly admitted by the trial court. If the result of that test had properly been excluded, the issue of Officer Oliver's credibil-

---

[3] Defense counsel's cross-examination of Officer Oliver was recorded, in part, as follows:

*Q.* Now, and you only did this one time; isn't that true?

*A.* Did what?

*Q.* The [preliminary breath] test?

*A.* On the defendant?

*Q.* Correct, on Mr. Keskinen?

*A.* Yes, right.

*Q.* And is there any kind of a reading, printout of the results?

*A.* No, it's just what you see on the machine.

*Q.* And so the test results, then, depend on your saying that you gave the test and your saying that it was properly calibrated and your saying what the results are; is that true?

*A.* No.

*Q.* Okay. What else does it depend on?

*A.* It depends on the defendant.

*Q.* You mean what Mr. Keskinen says?

*A.* Sure.

*Q.* With the results . . .

*A.* After I get the results, I show the defendant what the result is. I tell him you have to be at least a .10. I said, "Here is what you blew."

What was the other part of the question?

*Q.* If Mr. Keskinen said I don't think that was an accurate test or it wasn't a good result, then the test isn't good?

*A.* That's his right to say that. I'm telling you it was good as far as I'm concerned. It's his right to say what he likes to say.

*Q.* So you're saying that what goes into the police report or the testimony today is based on what you say that you saw on that machine that day; is that correct?

*A.* That's what went into my report, un-huh.

*Q.* And you remember that test specifically and you remember what the results were specifically; is that your testimony?

*A.* It's in the report.

ity in this matter would not have arisen at trial. Stated another way, the issue of Officer Oliver's credibility arose by way of questions posed by defense counsel in response to evidence improperly admitted at the insistence of the prosecutor. In defendant's retrial, evidence of the result of his preliminary breath test will not be admitted by the trial court; accordingly, the issue of Officer Oliver's credibility, at least on this ground, will not resurface.

The two remaining questions raised on appeal concern sentencing issues and, in view of our decision to reverse defendant's conviction and remand this case for a new trial, need not be addressed.

Reversed and remanded.