PEOPLE v JOHN

Docket No. 67154. Submitted July 12, 1983, at Lansing.—Decided
October 11, 1983. Leave to appeal denied, 418 Mich 956.

Joseph M. John was found guilty but mentally ill following a
bench trial in Oakland Circuit Court on charges of armed
robbery and felony-firearm and was sentenced, George H. La-
Plata, J. Defendant appealed. *Held:*

1. The trial court should have found defendant not guilty by
reason of insanity. Substantial evidence was offered to show
defendant's insanity and the prosecution failed to offer suffi-
cient evidence of sanity to convince a rational trier of fact that
defendant was sane beyond a reasonable doubt.

2. The Double Jeopardy Clause of the United States Constitu-
tion prohibits a retrial under the circumstances extant in this
case. Therefore, defendant's conviction of guilty but mentally
ill is reversed and the case is remanded for entry of a judgment
of not guilty by reason of insanity and an order committing
defendant to psychiatric examination.

3. Defendant's alternative argument, that the charges against
him should have been dismissed because more than 15 months
elapsed between the time defendant was initially determined to
be incompetent to stand trial and the time he was finally
declared competent, is rejected.

Reversed and remanded.

1. Criminal Law — Defenses — Insanity — Presumptions —
Burden of Proof.

A defendant in a criminal proceeding is presumed sane, but once
any evidence of insanity is introduced, the prosecution bears
the burden of establishing the defendant's sanity beyond a
reasonable doubt.

2. Criminal Law — Defenses — Insanity — Evidence.

The nature and quantum of rebuttal evidence of sanity sufficient

References for Points in Headnotes
[1, 2] 21 Am Jur 2d, Criminal Law §§ 74, 76.
  Modern status of rules as to burden and sufficiency of proof of
  mental irresponsibility in criminal case. 17 ALR3d 146.
[3] 21 Am Jur 2d, Criminal Law § 113.

to present an issue for the trier of fact once evidence of insanity has been presented is to some extent determined by the strength of the insanity evidence; merely some evidence of sanity may be sufficient to meet some evidence of insanity and yet wholly insufficient to meet substantial evidence of insanity.

3. CRIMINAL LAW — DEFENSES — INCOMPETENCY — DISMISSAL OF CHARGES.

Fifteen consecutive months must pass while a defendant is incompetent to stand trial before a dismissal of the charges against him is required (MCL 330.2044[1][b]; MSA 14.800[1044][1][b]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Robert F. Davisson,* Assistant Prosecuting Attorney, for the people.

*Bruce J. Sage,* for defendant on appeal.

Before: M. J. KELLY, P.J., and R. B. BURNS and R. A. BENSON,* JJ.

PER CURIAM. Following a bench trial, defendant was found guilty but mentally ill, MCL 768.36; MSA 28.1059, of armed robbery, MCL 750.529; MSA 28.797, and felony-firearm, MCL 750.227b; MSA 28.424(2). Defendant moved for a new trial, arguing that the verdict was against the great weight of the evidence in that the prosecution failed to prove that defendant was sane beyond a reasonable doubt. The trial judge denied the motion. The defendant now appeals as of right and we reverse.

Only two expert witnesses testified at trial regarding defendant's sanity during the commission of the crime. Charles P. Clark, a forensic examiner

---

* Circuit judge, sitting on the Court of Appeals by assignment.

with the Center for Forensic Psychiatry, testified that the defendant was legally insane at the time of the crime because he could not appreciate the wrongfulness of his conduct or conform his conduct to the requirements of the law. The testimony of a clinical psychologist, Rodney Howard, was in concurrence with Dr. Clark's testimony. The prosecution offered no rebuttal evidence.

A defendant in a criminal proceeding is presumed sane. Once any evidence of insanity is introduced, however, the prosecution bears the burden of establishing defendant's sanity beyond a reasonable doubt. *People v Murphy*, 416 Mich 453, 463-464; 331 NW2d 152 (1982).

The nature and quantum of rebuttal evidence of sanity sufficient to present an issue for the trier of fact is to some extent determined by the strength of the insanity evidence. *Murphy*, p 464. Merely some evidence of sanity may be sufficient to meet some evidence of insanity and yet wholly insufficient to meet substantial evidence of insanity. *Murphy*, p 464. *People v Ware*, 187 Colo 28, 31-32; 528 P2d 224, 226 (1974).

In the present case, substantial evidence was offered to show defendant's insanity. In addition to the expert testimony, evidence was presented showing that defendant has had a long history of hospitalizations for paranoid delusions and, indeed, was discharged from Beaumont Hospital's Mental Health Unit only a few days before the crime. Defendant committed the crime in a manner which almost assured his being caught and arrested. He robbed a bank at which he was a regular customer, without wearing a disguise of any kind, and used his own automobile as the getaway vehicle. He explained that he committed the crime so that he would be arrested and placed in

prison where he would be safe from the death threats of a Mafia chieftain whose daughter defendant refused to marry.

The prosecution offered no rebuttal testimony and relied on its cross-examination of defendant's experts and the testimony in its case in chief that defendant seemed rational and coherent after his arrest. We find that the prosecution failed to offer sufficient evidence of sanity to convince a rationale trier of fact that defendant was sane beyond a reasonable doubt. *In re Winship*, 397 US 358; 90 S Ct 1068; 25 L Ed 2d 368 (1970); *People v Murphy, supra,* p 467; *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979), *cert den sub nom Michigan v Hampton,* 449 US 885; 101 S Ct 239; 66 L Ed 2d 110 (1980). Under these circumstances the Double Jeopardy Clause, US Const, Am V, prohibits a retrial. *Burks v United States,* 437 US 1; 98 S Ct 2141; 57 L Ed 2d 1 (1978); *People v Murphy, supra,* p 467. We therefore reverse the guilty but mentally ill conviction and remand the cause for entry of a judgment of not guilty by reason of insanity and an order committing defendant to psychiatric examination. MCL 330.2050; MSA 14.800(1050).

Defendant's alternative argument, that the charges should have been dismissed under MCL 330.2044; MSA 14.1800(1044) because more than 15 months elapsed between the time defendant was initially determined to be incompetent to stand trial and the time he was finally declared competent, must be rejected. The statute provides in pertinent part that the charges against a defendant determined incompetent to stand trial shall be dismissed 15 months "after the date on which the defendant was originally determined incompetent to stand trial". MCL 330.2044(1)(b); MSA 14.800(1044)(1)(b). Defendant was originally found

incompetent to stand trial on February 23, 1981. However, in July, 1981, he was determined to be competent to stand trial. Defendant was then re-examined and declared incompetent on February 5, 1982. He was ultimately declared competent to stand trial on July 11, 1982.

Although more than 15 months had passed between the time defendant was originally declared incompetent and the time he was finally adjudged to be competent, we do not read the statute as requiring dismissal of defendant's charges. We interpret the statute as contemplating that 15 consecutive months must pass while a defendant is incompetent to stand trial before a dismissal is required. Here, the defendant was not incompetent to stand trial for a period of 15 months. Therefore, dismissal of the charges was not required.

Reversed and remanded.