PEOPLE v PAYNE

Docket No. 108713. Submitted June 6, 1989, at Grand Rapids. Decided September 18, 1989.

Orla Grant Payne, charged in Mason Circuit Court with carrying a concealed weapon, a five-inch, double edged, nonfolding knife, moved for dismissal of the charge, claiming that the knife was a hunting knife within the meaning of the hunting knife exception of the statute proscribing the carrying of concealed weapons. The court, Richard I. Cooper, J., denied the motion. Defendant sought and was granted leave to file an interlocutory appeal.

The Court of Appeals *held:*

For purposes of MCL 750.227(1); MSA 28.424(1), which in pertinent part provides that "[a] person shall not carry a dagger, dirk, stiletto, a double-edged nonfolding stabbing instrument of any length, or any other dangerous weapon, except a hunting knife adapted and carried as such, concealed on or about his or her person," a hunting knife is a specific type of knife used to skin and cut up and sometimes dispatch game. It is typically a heavy, wide-bladed knife with a single cutting edge which curves to a point. The trial court did not err in rejecting defendant's claim that a hunting knife is any knife claimed to be used for hunting.

Affirmed.

WEAPONS — CARRYING CONCEALED WEAPONS — HUNTING KNIVES.

The hunting knife exception to the statute proscribing the carrying of concealed weapons applies to a specific type of knife which is used to skin and cut up and sometimes dispatch game; such a knife is typically a heavy, wide-bladed knife with a single cutting edge which curves to a point (MCL 750.227[1]; MSA 28.424[1]).

*Frank J. Kelley,* Attorney General, *Louis J.*

REFERENCES

Am Jur 2d, Weapons and Firearms §§ 1, 2, 9.

Validity of state statute proscribing possession of carrying of knife. 47 ALR4th 651.

*Caruso,* Solicitor General, and *Cris J. Van Oosterum,* Prosecuting Attorney, for the people.

*Paul R. Spaniola,* for defendant.

Before: CYNAR, P.J., and CAVANAGH and N. J. KAUFMAN,* JJ.

CYNAR, J. A criminal charge was brought against the defendant, Orla Grant Payne, for carrying a concealed weapon, specifically a five-inch, double-edged, nonfolding knife, in violation of MCL 750.227(1); MSA 28.424(1). Defendant appeals by leave granted from the order of the circuit court denying defendant's motion for dismissal, ordering that defendant is not entitled to present evidence on the hunting knife exception to the concealed weapons statute, and adjudging further that the statute specifically establishes types of weapons which are dangerous weapons per se to which the hunting knife exception does not apply. We affirm.

For the purposes of this appeal, the precise facts and circumstances under which defendant was found to be in possession of the knife in question are irrelevant, and their recital would only be distracting. The issue before us is a threshold matter. The focus here is solely on whether defendant's five-inch, double-edged, nonfolding knife can be called or described as a hunting knife.

Whether his knife was "adapted and carried" as a hunting knife, within the meaning of the hunting knife exception to the carrying concealed weapons statute, MCL 750.227(1); MSA 28.424(1), is a secondary consideration to be addressed only upon concluding that the knife at issue is a "hunting knife." Then, and only then, do facts and

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

circumstances such as, e.g., whether it was hunting season, whether defendant was hunting at the time he or she was arrested, or going to or from a hunting excursion, become relevant. However, in this case, we find that as a threshold matter defendant's knife is not a "hunting knife."

The current and applicable version of MCL 750.227(1); MSA 28.424(1), as amended by 1986 PA 8, with the pertinent language and punctuation added by that amendment underlined, states:

> A person shall not carry a dagger, dirk, stiletto, a double-edged nonfolding stabbing instrument of any length, or any other dangerous weapon, exept a hunting knife adapted and carried as such, concealed on or about his or her person, or whether concealed or otherwise in any vehicle operated or occupied by the person, except in his or her dwelling house, place of business or on other land possessed by the person.

There is no disputing that defendant's knife is at the very least "a double-edged nonfolding stabbing instrument of any length," if it is not in fact a variety of "dagger, dirk, [or] stiletto." Defendant argues that the hunting knife exception in the amended statute, particularly after the inclusion of the comma just before the exception, was intended by the Legislature to modify all the knives listed specifically or generally in the statute. In other words, defendant is contending that in the case of any knife, from a switchblade to a bayonet, a defendant should be able to argue that it is a hunting knife adapted and carried as such. We disagree.

Under the statute as it existed prior to the 1986 amendment, our Court and our Supreme Court held that daggers, dirks, and stilettos, as well as

similar double-edged, stabbing knives, were dangerous weapons per se. *People v Brown,* 406 Mich 215, 222; 277 NW2d 155 (1979); *People v Vaines,* 310 Mich 500, 505; 17 NW2d 729 (1945); *People v Grandberry,* 102 Mich App 769, 772; 302 NW2d 573 (1980) ("a homemade knife which is pointed and ground down on both edges may be construed as similar to a dagger, dirk, or stiletto, and thus may be permissibly classified as a dangerous weapon, per se").

Words of a statute are to be given their ordinary, normally accepted meaning. Where the meaning of a statute is clear and unambiguous, judicial construction or interpretation is precluded. When determining legislative intent, the language of the statute should be given a reasonable construction considering the statute's purpose and the object sought to be accomplished. Statutes are to be construed so as to avoid absurd or unreasonable consequences. See, e.g., *People v Keskinen,* 177 Mich App 312, 317-318; 441 NW2d 79 (1989); *Joy Management Co v Detroit,* 176 Mich App 722, 730-731; 440 NW2d 654 (1989).

A "hunting knife" is a specific type or category of knife in the same way that a dagger, dirk and stiletto are each a specific type of knife. True there are minor variations within each category, but nevertheless there are basic features common to all knives of a specific type or category. See, e.g., Warner, *Knives '88* (Northfield, Ill: DBI Books, Inc, 1987).

Indeed, *Webster's Third New International Dictionary, Unabridged Edition* (1966), for instance, separately defines and describes a "hunting knife" just as it also separately defines and describes a "dagger," and "dirk" and "stiletto" as subcategories of a dagger, as:

hunting knife n: a large stout knife used to skin and cut up and sometimes dispatch game.

dagger n 1a: a short weapon used for stabbing—
see ANLACE, DIRK, MISERICORD, PONIARD, STILETTO.

dirk n 1: a long straight bladed dagger formerly
carried esp. by the Scottish Highlanders.

stiletto n 1: a slender dagger with a blade that is
thick in proportion to its breadth.

Additionally, Webster's includes diagrams next
to its definitions for "hunting knife," "dagger" and
"stiletto." Both the dagger and stiletto are de-
picted as double-edged, straight-bladed knives. On
the other hand, the hunting knife is shown typi-
cally as a heavy, wide-bladed knife with a single
cutting edge which curves to a point.

We do not see the simple addition of a comma to
the statute as changing the meaning and intent of
the statute as it existed previously, and as drasti-
cally as that contemplated by defendant. Rather,
we see it only as separating out hunting knives, as
a specific category of knives, from all other types
of knives whether listed specifically or generally in
the statute, and even then *only if* the hunting
knife in question is "adapted and carried" as a
hunting knife. To be sure, even a hunting knife
can be employed as a weapon, thus, the intent of
the statute is plainly to exempt only those hunting
knives where defendant can show he or she was
using and carrying it as a hunting knife.

Moreover, had the Legislature intended the con-
struction which defendant here suggests, they
could easily and clearly have done so by simply
stating: ". . . , except for knives adapted and
carried for hunting." However, they did not, and
we will not strain to impart such a meaning to the
statute as it is currently written.

Affirmed.