PEOPLE v WILLIE MILLER

Docket No. 111084. Submitted September 7, 1989, at Detroit. Decided
November 19, 1990, at 9:02 A.M. Leave to appeal sought.

Willie A. Miller was found guilty but mentally ill of first-degree
criminal sexual conduct following a jury trial in the Kalamazoo
Circuit Court, William G. Schma, J. In the interval between his
arrest and trial, there were fifteen months during which he was
deemed incompetent to stand trial. On appeal, the defendant
contends that the trial court erred in denying his motions for
dismissal of the charge pursuant to the Mental Health Code
provision that charges against a defendant determined incompe-
tent to stand trial are to be dismissed fifteen months after
the date on which the defendant was originally determined
incompetent to stand trial.

The Court of Appeals *held:*

The provision of the Mental Health Code that charges
against a defendant determined incompetent to stand trial are
to be dismissed fifteen months after the date on which the
defendant was originally determined incompetent to stand trial
does not require an uninterrupted period of incompetence and
may, as in this case, be comprised of a number of periods of
incompetence totalling fifteen months in duration and occur-
ring after the original determination of incompetence.

Reversed.

MURPHY, J., dissenting, stated that the decision of the trial
court should be affirmed. Fifteen consecutive months of incom-
petence must pass before a dismissal of the charge is required
by the Mental Health Code.

CRIMINAL LAW — TRIAL — COMPETENCE TO STAND TRIAL — MENTAL
HEALTH CODE.

The requirement of the Mental Health Code that criminal
charges against an accused who has been determined incompe-
tent to stand trial must be dismissed fifteen months after the

REFERENCES
Am Jur 2d, Criminal Law §§ 95; 861.
See the Index to Annotations under Criminal Law; Criminal Proce-
dure Rules; Incompetent and Insane Persons.

determination need not be a single, uninterrupted period of incompetence and may be comprised of any number of periods of incompetence totalling fifteen months occurring after the original determination of incompetence (MCL 330.2044[1][b]; MSA 14.800[1044][1][b]).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Dale S. Murney,* Assistant Prosecuting Attorney, for the people.

*Patricia S. Slomski,* for the defendant.

Before: NEFF, P.J., and MAHER and MURPHY, JJ.

MAHER, J. After a jury trial, defendant was found guilty but mentally ill on a charge of first-degree criminal sexual conduct, sexual penetration by use of force or coercion and infliction of personal injury on the victim, MCL 750.520b(1)(f); MSA 28.788(2)(1)(f). The trial court sentenced defendant to a prison term of ten to thirty years, with credit for 1,160 days served. Defendant appeals as of right. We reverse.

On April 17, 1985, defendant was arrested and charged with first-degree criminal sexual conduct. On April 24, 1985, defendant's preliminary examination was adjourned when the district court ordered a competency evaluation. After a hearing on June 26, 1985, the district court adjudicated defendant incompetent to stand trial. On February 18, 1986, the court found that defendant remained incompetent. However, four months later, on June 18, 1986, defendant was found competent to stand trial and was ordered to undergo evaluation for criminal responsibility. Defendant remained at the forensic center until August 6, 1986, when he waived preliminary examination and was bound over for trial in circuit court. Defendant was arraigned in circuit court on August 18, 1986.

On August 27, 1986, the circuit court ordered a second competency evaluation of defendant. On December 16, 1986, defendant was again found incompetent to stand trial and was committed for treatment. Orders of continued incompetency and commitment were entered on April 10, June 23, and November 3, 1987. On February 16, 1988, counsel stipulated to defendant's competency pursuant to an expert's recommendation, and the court adjudicated defendant competent to stand trial.

Beginning on April 7, 1987, defendant moved several times to dismiss the charges pursuant to MCL 330.2044(1); MSA 14.800(1044)(1) because he had been adjudicated incompetent for a total period of more than fifteen months, excluding the period from June to December 1986, during which he was competent. Relying on this Court's decision in *People v John,* 129 Mich App 664; 341 NW2d 861 (1983), the trial court denied defendant's motions because defendant had not been incompetent for a period of fifteen continuous months. On appeal, defendant argues that MCL 330.2044(1); MSA 14.800(1044)(1) requires dismissal of criminal charges where a defendant has been adjudicated incompetent for a *total* period of fifteen months, regardless of whether the period is continuous. We agree.

Section 1044 of the Mental Health Code, MCL 330.2044; MSA 14.800(1044), provides in pertinent part:

(1) The charges against a defendant determined incompetent to stand trial shall be dismissed:

* * *

(b) Fifteen months after the date on which the defendant was originally determined incompetent to stand trial. [Emphasis added.]

The fifteen-month period begins to run after an accused is adjudicated incompetent. *People v Davis,* 123 Mich App 553, 557; 332 NW2d 606 (1983). The language of the statute is mandatory; it does not invoke the discretion of the trial court.

The duty of courts is to interpret statutes as found. *Matheson v Secretary of State,* 170 Mich App 216, 219; 428 NW2d 31 (1988). Words of a statute are to be given their ordinary, normally accepted meaning. *People v Payne,* 180 Mich App 283, 286; 446 NW2d 629 (1989). Where the meaning of a statute is clear and unambiguous, judicial construction or interpretation is precluded. *Id.* When determining legislative intent, the language of the statute should be given a reasonable construction, considering the statute's purpose and the object sought to be accomplished. *Id.* Statutes are to be construed so as to avoid absurd or unreasonable consequences. *Id.*

Having read the statute, we find nothing suggesting that dismissal is required only where an accused has been adjudicated incompetent for a period of fifteen *continuous* months. Rather, such a suggestion appears to be specifically rejected. We note in particular the inclusion of the word "originally" in the statute. Through the use of this word, it appears the Legislature specifically considered the possibility of there being separate adjudications of incompetency and, in such a situation, concluded that the fifteen-month period was to run from the initial adjudication of incompetency as opposed to starting anew upon each subsequent adjudication.

We believe this interpretation is in keeping with the purpose and object sought to be accomplished by the statute, which is to protect defendants from an indefinite suspension of their right to trial. *People v Bowman,* 141 Mich App 390, 400; 367

NW2d 867 (1985). Indeed, it would be anomalous to say that, although this concern is clearly present where a defendant has been adjudicated incompetent for a period of fifteen continuous months, it is not so where there is a total period of incompetency well over fifteen months, although the period is not continuous.

We believe that, had the Legislature intended for dismissal to occur only upon an adjudication of incompetency for fifteen continuous months, it would have explicitly said so through the use of appropriate language.

Although the trial court relied on *John, supra,* in concluding that dismissal was not required, we find that case factually distinguishable from the case at hand. While the defendant in *John* was adjudicated incompetent during two separate periods, with an intervening period of competency in between, the total period of incompetence did not exceed fifteen months. Because it is undisputed that the defendant in this case was incompetent for a total period in excess of fifteen months, we find that *John* is not controlling. However, to the extent that *John* implies that a period of fifteen continuous months of incompetency must exist before dismissal is required, we disagree with its conclusion.

Finally, we note that the statute contains procedural safeguards allowing for the refiling of charges, upon petition by the prosecutor, if, following a hearing, the court determines that the defendant is competent to stand trial. See MCL 330.2044(3) and (4); MSA 14.800(1044)(3) and (4). We believe these safeguards reinforce our belief that the Legislature did not intend that dismissal occur only upon a finding of incompetency for fifteen continuous months.

Accordingly, we conclude that because it is un-

disputed that defendant was both incompetent at the times he moved for dismissal and had been adjudicated so for a total period in excess of fifteen months, the charge against him was required to be dismissed pursuant to MCL 330.2044(1); MSA 14.800(1044)(1).

Although we need not reach defendant's claim that resentencing is required because the trial court failed to articulate its reasons for the sentence imposed, we nevertheless conclude that the articulation requirement was satisfied. *People v Coles,* 417 Mich 523, 549; 339 NW2d 440 (1983).

Reversed.

NEFF, P.J., concurred.

MURPHY, J. *(dissenting).* I respectfully dissent from the majority's conclusion that MCL 330.2044(1); MSA 14.800(1044)(1) requires dismissal of criminal charges when a defendant has been adjudicated incompetent for a total period of fifteen months, regardless of whether the period is continuous.

MCL 330.2044; MSA 14.800(1044) provides in pertinent part:

(1) The charges against a defendant determined incompetent to stand trial shall be dismissed:

* * *

(b) Fifteen months after the date on which the defendant was originally determined incompetent to stand trial.

Section 1044 governs the time during which an incompetent defendant may be forced to await docketing of his case for trial. *People v Bowman,* 141 Mich App 390, 400; 367 NW2d 867 (1985). In order to protect a defendant from an indefinite

suspension of his right to trial, § 1044 requires that the charges be dismissed fifteen months after the date on which the defendant was determined incompetent. *Id.*

In *People v John,* 129 Mich App 664; 341 NW2d 861 (1983), this Court rejected the defendant's argument that the charges against him should have been dismissed pursuant to § 1044 because more than fifteen months had elapsed since he had initially been found incompetent when an intervening seven-month period of competency was excluded. This Court stated that § 1044 contemplates that fifteen consecutive months must pass while a defendant is incompetent before dismissal is required. *Id.,* 667-668.

In my opinion, the majority's construction of § 1044 ignores the purpose of the statutes relating to a defendant's incompetence to stand trial. A defendant is presumed competent to stand trial. MCL 330.2020(1); MSA 14.800(1020)(1); *Bowman, supra,* 401. At the least, we may assume that this presumption reattaches when an incompetent defendant is adjudicated to have regained competence. A finding of incompetence merely tolls the state's ability to prosecute the defendant. MCL 330.2022(1); MSA 14.800(1022)(1). When the defendant is later determined competent, the "trial shall commence as soon as practicable." MCL 330.2040(3); MSA 14.800(1040)(3). The statutes also clearly contemplate that there may be a series of orders redetermining the issue of the defendant's incompetence if the court, in its initial finding of incompetence, determines that there is a substantial probability that, with treatment, the defendant will attain competence to stand trial within the statutory fifteen-month time limit. MCL 330.2032(1); MSA 14.800(1032)(1); MCL 330.2034(1); MSA 14.800(1034)(1); MCL 330.2038; MSA

14.800(1038); MCL 330.2040(1); MSA 14.800(1040)
(1). The phrase "originally determined incompe-
tent," as used in § 1044, refers to this series of
orders which, under these statutes, may be issued
periodically throughout the fifteen months.

Implicit in the statutory scheme is an assump-
tion that a defendant who cannot regain compe-
tence within fifteen months is not substantially
likely to attain competence in the near future.
Therefore, in the interest of protecting the defen-
dant's due process rights, the charges are dis-
missed when he remains incompetent for a period
of fifteen months. However, in the present case,
treatment enabled defendant to regain competence
within the fifteen-month period. Fifteen months
after he was originally adjudicated incompetent,
defendant was competent to stand trial.

The duty of courts is to interpret statutes as
found. *Matheson v Secretary of State,* 170 Mich
App 216, 219; 428 NW2d 31 (1988). A plain and
unambiguous statute is to be applied, not inter-
preted, because such a statute speaks for itself. *In
re Forfeiture of $5,264,* 432 Mich 242, 248; 439
NW2d 246 (1989); *Matheson, supra.* Courts may
not speculate beyond the words employed in the
statute. *Matheson, supra.* Ordinary words and
phrases are given their plain and ordinary mean-
ing. *Matheson, supra.* I am not persuaded that the
plain and unambiguous language of § 1044(1) in-
tends anything other than a period of fifteen con-
secutive months. As commonly understood, such
an expression of time measurement implies consec-
utive units. Without further qualifying language,
further judicial interpretation is inappropriate.

Furthermore, although it is not dispositive, I
find it significant that when a felony punishable
by life imprisonment is at issue, as in the present
case, subsections 1044(3) and (4) provide that the

prosecutor may at any time petition the court for permission to refile the charges if dismissed and that the court must reinstate these charges if the defendant is determined competent to stand trial. Moreover, in this case, it was stipulated that defendant was competent to stand trial. Defendant raises no claims of error arising out of his trial or of prejudice resulting from the failure to dismiss the charge. Therefore, even if the trial court's failure to dismiss the charge was error, it was harmless error. I would affirm.