## LEPP v CHEBOYGAN AREA SCHOOLS

Docket No. 120322. Submitted April 16, 1991, at Grand Rapids. Decided August 20, 1991, at 9:15 A.M.

Theo Lepp, for herself and as conservator for her minor son, brought an action in the Cheboygan Circuit Court against Cheboygan Area Schools, under the Freedom of Information Act, MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.*, seeking a copy of her son's school file. Lepp's written request for the document had been earlier denied by the defendant as exempt from disclosure under the FOIA privacy exemption, MCL 15.243(1)(a); MSA 4.1801(13)(1)(a). The court, Robert C. Livo, J., denied summary disposition for the plaintiff, rejecting her arguments that the defendant had failed to state a valid defense, that there was no genuine issue of material fact, and that she was entitled to judgment as a matter of law. Instead, the court granted summary disposition for the defendant, ruling that the plaintiff had failed to state a claim on which relief could be granted.

The Court of Appeals *held:*

1. The plaintiff's well-pleaded complaint stated a claim under the FOIA, and the trial court erred in granting summary disposition for the defendant.

2. The trial court did not err in denying summary disposition for the plaintiff with regard to her claim that the defendant failed to state a valid defense. The defendant stated a defense sufficient to withstand the plaintiff's motion for summary disposition by denying the allegation in the complaint that the requested record did not fall within the privacy exemption.

3. The trial court erred in denying summary disposition for the plaintiff with regard to her claims that there was no genuine issue of material fact and that she was entitled to judgment as a matter of law. The privacy exemption excludes from disclosure information of a personal nature where public

REFERENCES

Am Jur 2d, Records and Recording Laws §§ 46.15, 46.16, 46.19.

What constitutes personal matters exempt from disclosure by invasion of privacy exemption under state freedom of information act. 26 ALR4th 666.

disclosure would constitute an unwarranted invasion of the privacy of the person to whom the information relates. The exemption does not apply in this case because disclosure of the school file to the plaintiff would be tantamount to disclosure to her son, whose privacy would not be invaded by the disclosure.

Reversed and remanded for an award of costs and attorney fees for the plaintiff.

RECORDS — FREEDOM OF INFORMATION ACT — PRIVACY EXEMPTION.

A file maintained by a public school regarding a minor pupil is not exempt from disclosure under the Freedom of Information Act as information of a personal nature whose disclosure would constitute a clearly unwarranted invasion of privacy where a request is made by the minor's parent in the capacity of parent of and conservator for the minor (MCL 15.243[1][a]; MSA 4.1801[13][1][a]).

*Sumpter & Perry, P.C. (by Thomas E. McDonald),* for the plaintiff.

*Peter Patrick,* for the defendant.

Before: SULLIVAN, P.J., and HOLBROOK, JR., and McDONALD, JJ.

PER CURIAM. Plaintiff appeals as of right an order of the Cheboygan Circuit Court denying her motion for summary disposition and granting defendant's motion for summary disposition. Plaintiff had requested the production of documents by defendant pursuant to the Freedom of Information Act, MCL 15.231 *et seq.*, MSA 4.1801(1) *et seq.*, but the trial court found that the documents fell within a statutory exemption and granted summary disposition in defendant's favor.

Plaintiff is the mother of and conservator for Adam Lepp, a minor. Plaintiff and her son reside in Cheboygan County, and Adam attends classes in the Cheboygan Area School District. On February 9, 1989, plaintiff submitted a written request to defendant for a copy of Adam's school file. Plaintiff

executed an authorization for the release of the information and offered to pay copying charges as calculated under the FOIA. Defendant refused to disclose the information, claiming that it fell within the privacy exemption of the FOIA. Defendant further stated that plaintiff could obtain the file by submitting a request to the school board or by authorizing her attorney to make such a request. Because disclosure of the information fell outside the FOIA, plaintiff would have to pay copying fees as determined by school board policy rather than by the FOIA.

Plaintiff subsequently filed suit in circuit court, seeking to obtain the file pursuant to the FOIA and at a cost in conformity with that statute. Plaintiff moved for summary disposition pursuant to MCR 2.116(C)(9) and (10), while defendant moved for summary disposition pursuant to MCR 2.116(C)(8). In a judgment entered on August 16, 1989, the trial court denied plaintiff's motion, granted defendant's motion, and entered a judgment in defendant's favor.

Plaintiff first argues that her complaint stated a cause of action under the FOIA, and that it was clear error for the trial court to grant defendant summary disposition on the basis of the claimed statutory exemption. We agree.

A motion for summary disposition under MCR 2.116(C)(8) is tested by the pleadings alone. Only the legal sufficiency of the complaint is reviewed. This Court accepts as true all factual allegations pleaded, as well as any reasonable inferences that may be drawn therefrom. The motion may be granted only when the claim is so clearly unenforceable that as a matter of law no factual development could possibly justify recovery. *Ashworth v Jefferson Screw Products, Inc,* 176 Mich App 737, 741; 440 NW2d 101 (1989).

The FOIA requires the disclosure of all public records except those that are specifically exempted under MCL 15.243; MSA 4.1801(13). *Hagen v Dep't of Ed,* 431 Mich 118, 123; 427 NW2d 879 (1988). In the case at bar, defendant denied plaintiff's request for her son's school file pursuant to the FOIA, claiming that the information contained in the file fell within the exemption in § 13(1)(a) of the act:

> Information of a personal nature where the public disclosure of the information would constitute a clearly unwarranted invasion of an individual's privacy. [MCL 15.243(1)(a); MSA 4.1801(13)(1)(a).]

Once a public body denies a request for disclosure, the party filing the request is entitled to commence an action in circuit court to compel disclosure of the public record. MCL 15.235(7); MSA 4.1801(5)(7); MCL 15.240(1); MSA 4.1801(10)(1). Upon defendant's denial of her request for this file, plaintiff commenced this action in circuit court. Defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(8), failure to state a claim upon which relief could be granted.

Plaintiff alleged that defendant, a public body, maintained a file on her son for use in the performance of its official function, that plaintiff had requested this file in writing in accordance with the provisions of the FOIA, and that defendant denied the request. Defendant's denial constituted a final decision by the school district, from which plaintiff was entitled to appeal pursuant to the FOIA. Plaintiff's well-pleaded complaint sufficiently supported a claim under the FOIA, and we therefore find that the trial court erred when it granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(8).

Next, plaintiff argues that the trial court erred when it held that her son's file was exempt from disclosure, thereby denying her motion for summary disposition brought under MCR 2.116(C)(9) and (10).

A motion under subrule C(9) tests the legal sufficiency of a pleaded defense. The motion is tested on the pleadings alone, with all well-pleaded allegations being accepted as true. The proper test is whether the defendant's defenses are "so clearly untenable as a matter of law that no factual development could possibly deny plaintiff's right to recovery." *Domako v Rowe,* 184 Mich App 137, 142; 457 NW2d 107 (1990); *Vanguard Ins Co v Clarke,* 181 Mich App 36, 42; 448 NW2d 754 (1989).

A motion brought under MCR 2.116(C)(10) tests whether there is factual support for a plaintiff's claim. The motion may be granted only if there is no issue of material fact and the moving party is entitled to judgment as a matter of law. On review, this Court considers the pleadings, depositions, affidavits, admissions, and any other documentary evidence in a light most favorable to the nonmoving party. *Allstate Ins Co v Freeman,* 432 Mich 656, 662; 443 NW2d 734 (1989).

Paragraph 4 of plaintiff's complaint alleged that "as it relates to plaintiff, the file regarding Adam Lepp does not fall within any of the exempt public records under MCL 15.243 [MSA 4.1801(13)]." In its answer, defendant specifically denied this allegation, labeling it untrue. Plaintiff's allegation was material to whether defendant must disclose the requested material, because if the file did not fall within the exemption, defendant was required to disclose it. Because defendant categorically denied this material allegation, defendant stated a defense sufficient to withstand plaintiff's motion for

summary disposition under subrule C(9), and the trial court's denial of the motion was correct.

Plaintiff's motion for summary disposition under subrule C(10), no genuine issue of material fact, however, was improperly denied.

Plaintiff requested her son's school file from defendant in her capacity as mother of and conservator for the minor son. Defendant refused to disclose her son's file, claiming that to do so would constitute an invasion of her son's privacy. The question here does not involve a disputed fact, but rather one of law: whether the file fell within a statutory exemption.

Under § 13(1)(a) of the FOIA, the school board could refuse to disclose Adam's file if the information contained in it was of a personal nature and public disclosure of such information would invade his privacy. See MCL 15.243(1)(a); MSA 4.1801(13) (1)(a). Plaintiff argues that, as Adam's mother and conservator, disclosure to her would constitute neither a public disclosure nor an invasion of her son's privacy because it would, in effect, be a disclosure to Adam. Defendant counters this argument by positing that plaintiff is a member of the general public and disclosure to her would constitute a disclosure to the general public.

When interpreting a statute, it is the court's duty to give the words of the statute their ordinary and accepted meaning. *People v Willie Miller,* 186 Mich App 238, 241; 463 NW2d 250 (1990). If the meaning of a statute is clear, judicial construction or interpretation is precluded, because it is the judiciary's role to construe statutes as intended by the Legislature, not to rewrite them. *Lapeer Co Dep't of Social Services v Harris,* 182 Mich App 686, 689; 453 NW2d 272 (1990). When construction is required, the language of the statute should be given a reasonable construction,

considering both its purpose and the object sought to be accomplished. *Miller, supra.* Statutes are to be construed so as to avoid absurd or unreasonable results. *Id.*

The purpose of the FOIA is to provide public access to public records, our Legislature having determined that all persons, as a matter of public policy, are entitled to complete information regarding the affairs of their government. *MSEA v Dep't of Management & Budget,* 428 Mich 104, 108-109; 404 NW2d 606 (1987). The FOIA presumes that all records are subject to disclosure unless the public body can show that the requested information falls within one of the statutory exemptions. The privacy exemption, MCL 15.243(1)(a); MSA 4.1801(13)(1)(a), excludes from disclosure information of a personal nature where public disclosure would constitute an unwarranted invasion of the individual's privacy. This exemption seeks to protect the privacy interests of those persons to whom the information sought to be disclosed relates.

In the case before us, plaintiff requested the disclosure in her capacity as both mother of and conservator for her minor son. As a minor, Adam Lepp was unable to make the request himself. Disclosure to plaintiff would, therefore, constitute disclosure to Adam. It would be an absurd result to deny disclosure to the person making the request for the reason that disclosure would invade that person's privacy. We hold, therefore, that where the requested information pertains to the party making the request, it is unreasonable to refuse disclosure on the grounds of invasion of privacy. Plaintiff was entitled to disclosure and was therefore entitled to judgment as a matter of law.

We award to plaintiff costs and attorney fees she incurred below and on appeal, and remand this matter for a determination of those fees.

Reversed and remanded.