JACKSON v TRANSAMERICA INSURANCE CORPORATION OF
AMERICA

Docket No. 164030. Submitted October 13, 1994, at Detroit. Decided
November 8, 1994, at 9:05 A.M.

James W. Jackson brought an action in the Wayne Circuit Court
against Transamerica Insurance Corporation of America, seek-
ing a declaration regarding Transamerica's liability, under a
no-fault insurance policy, for damages resulting from a motor
vehicle accident that occurred on March 3, 1990. The defendant
claimed that coverage for the vehicle involved in the accident
was not effective until March 7, 1990, two days after it ac-
knowledges receiving a policy change request form seeking to
change the plaintiff's existing coverage from another car to the
one involved in the accident. The plaintiff's insurance origi-
nally was placed with the defendant through the Michigan
Automobile Insurance Placement Facility (MAIPF). The policy
change request form was completed by the plaintiff and submit-
ted through Associated Group Underwriters, which is known as
a "producer" under the MAIPF scheme. The policy change
request form and a MAIPF certificate given to the plaintiff when
the producer accepted the policy change request form both
indicate effective coverage on the date and at the time the
change form was submitted to the producer, February 5, 1990.
The court, Sharon Tevis Finch, J., granted summary disposition
for the plaintiff. The defendant appealed.

The Court of Appeals held:

The evidence does not indicate that coverage was meant to be
effective other than as clearly stated on the policy change
request form. The MAIPF certificate given to the plaintiff when
the producer accepted the change form operated as proof of
insurance, and the certificate and change form operated as a
binder. Coverage under a binder cannot be terminated until the
applicant receives notice of rejection of coverage. The trial
court properly granted summary disposition for the plaintiff.

Affirmed.

REFERENCES

Am Jur 2d, Automobile Insurance §§ 5-7, 11.
Temporary automobile insurance pending issuance of policy. 12
ALR3d 1304.

INSURANCE — NO-FAULT — MICHIGAN AUTOMOBILE INSURANCE PLACE-
MENT FACILITY — BINDERS — POLICY CHANGE REQUESTS.

> A Michigan Automobile Insurance Placement Facility certificate
> given to an insured upon acceptance of an insured's policy
> change request form by a producer under the MAIPF scheme
> operates as proof of insurance needed for the insured to regis-
> ter and operate the motor vehicle in Michigan; the change form
> and certificate operate as a binder to provide temporary insur-
> ance pending issuance of a policy or rejection of coverage by
> the insurer; coverage under a binder generally cannot be
> terminated until the applicant receives notice of rejection by
> the insurer (MCL 500.3101[1]; MSA 24.13101[1]).

*Bernstein & Bernstein, P.C.* (by *Michael J. But-
ler*), for the plaintiff.

*Hewson & Van Hellemont, P.C.* (by *Loren M.
Mannino*), for the defendant.

Before: WEAVER, P.J., and CONNOR and J. F.
KOWALSKI,* JJ.

PER CURIAM. Defendant appeals as of right from
the trial court order that granted plaintiff's motion
for summary disposition. We affirm.

At issue is whether a delay in the processing of
plaintiff's policy change request form affects the
effective date of plaintiff's automobile insurance
coverage. Plaintiff's insurance originally was
placed with defendant through the Michigan Auto-
mobile Insurance Placement Facility (MAIPF),
which operates as part of the no-fault insurance
scheme in Michigan. The policy change request
form was completed by plaintiff and submitted
through Associated Group Underwriters, which is
known as a "producer" under the MAIPF scheme.

Plaintiff already had an automobile insured with
defendant when the policy change request form
was submitted. Plaintiff wanted to change his

---

* Circuit judge, sitting on the Court of Appeals by assignment.

coverage from a 1977 Cadillac to a 1979 Pontiac. Defendant has not claimed that plaintiff is not insurable.

Although the form ostensibly indicates that coverage is effective February 5, 1990, defendant sought to make coverage effective on March 7, 1990—two days after it acknowledges receiving the form. Plaintiff's Pontiac was involved in an accident on March 3, 1990, and therefore would not be covered under defendant's policy.

Defendant primarily relies on a procedural directive in a portion of the MAIPF Guidelines that requires a producer to forward the form "no later than the next working day." The materials presented do not indicate what, if any, penalty is assigned if a producer does not act accordingly. Defendant's position, apparently, is that if it does not receive the form within thirty days of the date indicated on the form, then defendant may assume the producer did not comply with the directive and defendant may determine unilaterally the effective date of coverage. We do not find this argument persuasive.

There is nothing in the materials submitted indicating that coverage was meant to be effective other than as clearly stated on the policy change request form. This is consistent with the general procedure in automobile insurance situations. Upon application, a binder is issued that provides for temporary insurance pending actual issuance of a policy or rejection of coverage. *Cormack v American Underwriters Corp,* 94 Mich App 379, 383; 288 NW2d 634 (1979). Binders are issued in automobile insurance situations to allow the applicant to use the car while awaiting a decision from the insurance company whether it will insure the driver. See 7 Am Jur 2d, Automobile Insurance, § 3, pp 295-296.

In Michigan, the binder provides the proof of insurance needed for someone to register and operate a motor vehicle. MCL 500.3101(1); MSA 24.13101(1); *Shavers v Attorney General,* 402 Mich 554, 599; 267 NW2d 72 (1978). Upon acceptance of a policy change request form by a producer, the insured is given an MAIPF certificate that similarly operates as proof of insurance. Both the policy change request form and the certificate in this case indicate effective coverage on the date and at the time the change form was submitted to the producer. This is consistent with the operation of a binder.

In general, coverage under a binder cannot be terminated until the applicant receives notice of rejection. Am Jur 2d, *supra.* We find nothing in defendant's arguments or materials indicating that the certification should be treated any differently.

In the absence of some clear indication that defendant has the discretion to determine unilaterally the effective date of insurance coverage, we decline to apply any date or time contrary to that clearly expressed in the MAIPF forms.

Recognizing the binding nature of the policy change request form and its accompanying certificate is consistent with the goal of Michigan's no-fault insurance scheme to guarantee every person insurance coverage on a fair and equitable basis. MCL 500.3301; MSA 24.13301; *Shavers, supra.* It acknowledges the plaintiff's reasonable expectation of coverage. *Vanguard Ins Co v Clarke,* 438 Mich 463, 472; 475 NW2d 48 (1991). It provides a reasonable construction to accomplish the object of the no-fault insurance act, while recognizing the well-settled law concerning the nature and effect of binders or proofs of insurance. *Marquis v Hartford Accident & Indemnity,* 444 Mich 638, 644, 652; 513 NW2d 799 (1994).

From our review of the arguments and materials presented, we hold that the trial court did not err in granting summary disposition to plaintiff. *Lepp v Cheboygan Area Schools,* 190 Mich App 726, 730; 476 NW2d 506 (1991).

Affirmed.